# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

AMAI RAWLS                                                    MOVANT/DEFENDANT

v.                                          CRIMINAL ACTION NO. 3:01CR-124-H

UNITED STATES OF AMERICA                      RESPONDENT/PLAINTIFF

## MEMORANDUM OPINION

Movant Amai Rawls filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (DN 76). On November 2, 2012, the Court entered a Memorandum and Order directing Movant to show cause why the § 2255 motion to vacate, set aside, or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations (DN 79). Movant timely responded to the show-cause order (DN 80). Additionally, he filed a Motion for Order of Certification to the Sixth Circuit Court of Appeals (DN 81). These matters are presently before the Court.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant pleaded guilty to one count of attempting to possess with the intent to distribute cocaine and one count of conspiracy to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 240 months of imprisonment and ten years of supervised release. Movant's Judgment and Commitment was entered May 23, 2002 (DN 66). No appeal was filed. For purposes of the § 2255 motion, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). Under § 2255(f)(1), the one-year limitations period, therefore, began running on June 2, 2002,[1] and expired one year later on June 2, 2003. This § 2255 motion is deemed filed on September 25, 2012.[2] Thus, it was filed well outside the one-year statute of limitations, and it is time barred under § 2255(f)(1).

However, Movant contends that the statute of limitations should not begin to run until August 17, 2011, the date the Fourth Circuit Court of Appeals decided *United States v. Simmons*, 649 F.3d 237 (2011), which, Movant contends, made the Supreme Court holding in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), retroactively applicable to his case. Although it is not entirely clear, it appears that Movant is making two arguments in support of this date. The first involves 28 U.S.C. § 2255(f)(3) and the second involves equitable tolling.

---

[1]At the time Movant was sentenced, the appeal period was 10 days, Fed. R. App. P. 4(b) (eff. Dec. 1, 1993), and the intermediate weekends and legal holidays were counted in the computation. Fed. R. App. P. 26(a)(2) (eff. Dec. 1, 1996).

[2]Under the mailbox rule, a document is deemed filed with a court on the date that it is deposited in the prison mail system for mailing. *See*, *e.g., Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a *pro se* prisoner's notice of appeal on habeas corpus review is deemed filed on the date that it is turned over to prison officials for transmittal to court); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (applying the mailbox rule to § 2255 actions). Movant indicates that he placed his § 2255 motion in the prison mail system on September 25, 2012 (DN 76).

2

*28 U.S.C. § 2255(f)(3)*

According to Movant, in his criminal case the United States "filed a Bill of Information pursuant to 21 U.S.C. § 851 alleging that Movant's 1997 Kentucky conviction for possession of Controlled Substance 1st Degree constituted a predicate 'felony drug' conviction triggering the ten-year statutory minimum sentence for Count I, and the twenty-year statutory minimum sentence for count II set forth in the Controlled Substance Act (CSA)." Movant argues that under the new rule announced by the Supreme Court in *Carachuri-Rosendo* and the Fourth Circuit *Simmons* decision finding the new rule in *Carachuri-Rosendo* to be a substantive rule and retroactively applicable, Movant must have received a sentence of greater than one-year imprisonment for his 1997 state-court conviction in order for it to constitute an aggravated felony under the CSA. Movant contends that he did not receive a sentence of greater than one year for his 1997 state-court conviction, thus the enhancement of his federal sentence was incorrect.

Section 2255(f)(3) provides for a one-year limitations period, which shall run from "the the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." 28 U.S.C. § 2255(f)(3). Under 28 U.S.C. § 2255(f)(3) the one-year, statute-of-limitations period for filing a motion to vacate based on a right newly recognized by the Supreme Court begins to run on the date on which the right asserted was initially recognized by the Supreme Court, not the date on which the right asserted was made retroactively applicable. *Dodd v. United States*, 545 U.S. 353 (2005). *Carachuri-Rosendo*, the case upon which Movant relies as having recognized a new right applicable to his case, was decided on

3

June 14, 2010. Thus, Movant would have had until June 14, 2011, to file his § 2255 motion. The present § 2255 motion was not deemed filed until September 25, 2012; thus, it is untimely.

Movant argues that the newly recognized right in *Carachuri-Rosendo* was not applied retroactively by any circuit court until the Fourth Circuit decided *Simmons* on August 17, 2011. Thus, he argues that he should have one year from the date of the *Simmons* decision, which would include up to August 17, 2012, to file his motion pursuant to 28 U.S.C. § 2255. Movant contends that in February 2012, he filed a motion with the Sixth Circuit for permission to file a second or successive § 2255 motion. He argues that this Court should use the February 2012 date as the date on which his present § 2255 motion was filed and deem it timely. This argument is unavailing to Movant since, as discussed above, the Supreme Court has made it clear that the date on which the statute begins to run is the date on which the right itself was initially recognized. *Dodd v. United States*, 545 U.S. at 358-59. Further, contrary to Movant's assertion that the Fourth Circuit has held in *Simmons* that *Carachuri-Rosendo* is a substantive rule that is to be applied retroactively to his case, the Fourth Circuit recently directly addressed the issue and held that *Carachuri-Rosendo* is a procedural rule that does not apply retroactively to cases on collateral review. *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012).

*Equitable Tolling*

The gist of Movant's equitable-tolling argument is that the combination of three factors makes equitable tolling appropriate. First, Movant states that he had no knowledge of nor did any attorney ever discuss with him his right to appeal or to file a motion for collateral review or any of the time limits associated with doing either. He states that he did not know until January 11, 2012, about the one-year statute of limitations for filing a motion under 28 U.S.C. § 2255,

4

when he was informed by an inmate law clerk about the statute of limitations. Soon thereafter he filed a motion in the Sixth Circuit seeking permission to file a second or successive motion. Second, Movant contends that the law library where he is incarcerated is inadequate. Third, Movant contends that the Supreme Court announced a newly recognized substantive right when it decided *Carachuri-Rosendo*, but that it was not until the Fourth Circuit decided *Simmons* that it was clear that the *Carachuri-Rosendo* decision should be applied retroactively to his case. Movant contends that all of these factors taken together should compel the Court to equitably toll the statute of limitations and find that his present § 2255 motion was timely filed.

Because § 2255's one-year statute of limitations is not jurisdictional, it is subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1005-07 (6th Cir. 2001). "Equitable tolling is used sparingly and 'only if two requirements are met. First, the petitioner must establish that he has been pursuing his rights diligently. And second, the petitioner must show that some extraordinary circumstance stood in his way and prevented timely filing.'" *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011)). Movant has the burden of persuading the Court that he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Movant fails to set forth any facts to show that he was pursuing his rights diligently. He does not provide the Court with any efforts he made to pursue his case between the time of his Judgment and Commitment in May 2002 until January 11, 2012, when he spoke to an inmate law clerk about his case. Movant has failed to establish that he has been pursuing his rights diligently. This alone is enough to preclude equitable tolling. *See Williams v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-448, 2012 WL 1658877, at *5 (S.D. Ohio

May 11, 2012) (where the court recognized that both reasonable diligence and extraordinary circumstances are required to support equitable tolling).

Further, Movant has also failed to show extraordinary circumstances prevented his timely filing. Movant's argument that his attorney failed to explain his right to appeal or to file for collateral review and the corresponding time limitations associated with doing so is unavailing. *See Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (recognizing that ignorance of the law alone does not warrant equitable tolling); *Price v. Jamrog*, No. 03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (recognizing that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing") (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer").

Likewise, Movant's argument that the institution's law library was found wanting does not constitute extraordinary circumstances. *See Holmes v. Spencer*, 685 F.3d 51, 63 (1st Cir. 2012) ("If we tolled AEDPA's limitation period every time a prisoner with no legal training had his library time strictly regulated, [the statute of limitations] might as well not exist; few prisoners are lawyers, and few prisons offer their occupants unfettered library access."); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or the procedure to request specific materials was inadequate."); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751 (E.D. Mich. 2002) ("The alleged denial of access

to legal materials would not be an exceptional circumstance warranting the equitable tolling of the one year limitations period.").

In his final argument supporting equitable tolling, Movant argues that under the new rule announced by the Supreme Court in *Carachuri-Rosendo* and made retroactively applicable by the Fourth Circuit in *Simmons*, in order for his 1997 state-court conviction to enhance his sentence under the CSA, Movant must have received a sentence of greater than one-year imprisonment. Movant contends that he did not receive a sentence of greater than one year for his 1997 state-court conviction; thus the enhancement of his federal sentence was incorrect. He contends that he did not have a basis to file a motion under 28 U.S.C. § 2255 until these cases had been decided. As discussed above, this argument also fails to provide Movant with any support sufficient to warrant tolling of the statute of limitations in this case.

*Certificate of Appealability*

Before Movant may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). When this Court denies the motion on procedural grounds without addressing the merits of the motion, the movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the denial is based on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

7

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

*cc:* Movant, *pro se*
United States Attorney, WDKY
4412.003